UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sierra B. Waskosky, | Case No. 0:16-cv-03882-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | |
| Defendant. | |

Karl E. Osterhout, Osterhout Disability Law, LLC, and Edward C. Olson, Attorney at Law, counsel for Ms. Waskosky

Marisa Silverman, SSA-Ogc, and Pamela Marentette, United States Attorney's Office, counsel for the Commissioner

On February 6, 2018, the Court entered an Order granting Sierra Waskosky's Motion for Summary Judgment and remanding this matter to the Commissioner of Social Security for further administrative proceedings. (ECF No. 18.) This matter is now before the Court on Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (Fee Pet., ECF No. 21.) For the reasons set forth below, the Petition is granted in large part.

Plaintiff's counsel seeks $8,951.25 in attorney's fees under the EAJA because: (1) plaintiff is a prevailing party; (2) the Commissioner's position was not substantially justified; (3) plaintiff's net worth is less than $2,000,000; and (4) counsel spent 46.2 hours of time at an enhanced statutory rate of $193.75 per hour. (Fee Pet.) The Commissioner does not assert that an award of EAJA fees is inappropriate and does not oppose the hourly rate proposed by plaintiff's counsel; however, the Commissioner objects to the ultimate amount of fees requested. (Def. Opp'n, ECF No. 25.) Though the Commissioner does not suggest a specific amount she believes is reasonable under the circumstances, she asks the Court to deny compensation for all

1

hours that are not reasonable or compensable and reduce the fee request because: (1) the hours of attorney time for which fees are claimed were not reasonably expended; and (2) the itemized bill reflects unnecessary duplication of effort. (*Id.* at 2–6.)

In relevant part, the EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). An application for fees and costs under the EAJA must show that the party is a prevailing party whose net worth was less than two million dollars when the civil action was filed and include: (1) a statement of the amount sought; (2) an itemized statement of the time spent by the attorney on the case; (3) a statement of the rate at which fees and other expenses have been computed; and (4) an allegation that the Commissioner's position is not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Only "reasonable fees and expenses" may be awarded to a prevailing party. 28 U.S.C. § 2412(b). The ultimate amount of an award is within the district court's discretion. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

There is no dispute that plaintiff is the prevailing party and plaintiff's counsel has established the other criteria justifying an award of fees under 28 U.S.C. § 2412(d)(1)(B). Where the plaintiff meets those requirements in a social security case, section 2412(d)(1)(B) places the burden on the Commissioner to establish that an award of fees is nevertheless inappropriate. *Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003) ("'The Secretary bears the burden of proving the denial of benefits was substantially justified.'") (quoting *Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991)). As noted above, the Commissioner only takes issue with some portion of the fees claimed.

The Commissioner argues that the Petition bills for unnecessary time. First, the Commissioner argues that plaintiff's counsel's voluntary reduction of some claimed time demonstrates that the hours expended were unreasonable, and further reduction is appropriate. The Court disagrees. An attorney's decision to forego a request to be

compensated for some portion of the hours expended on a case can be made for many reasons. Such a decision does not, however, require a finding that the excluded time was unreasonable or gratuitous, nor that the remaining request should be further reduced.

The Court is also not persuaded by the Commissioner's assertion that a reduction is necessary due to alleged duplication of effort by local counsel. Based on the review of the declaration of counsel and the itemization of the time spent, the Court finds that plaintiff's local counsel generally billed the file for reasonable and appropriate tasks. However, the Court agrees with the Commissioner that certain tasks for which local counsel billed the file did not require attorney time or were unnecessarily duplicative. Accordingly, the Court will reduce the requested fees by 1.5 hours.[1]

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act **(ECF No. 21)** is **GRANTED**;

2. Plaintiff is awarded $8,660.63 in reasonable attorney's fees, subject to offset by any preexisting debt that plaintiff owes to the United States; and

3. The Commissioner shall pay the above-awarded fees, minus any applicable offset, to plaintiff by August 8, 2018.

---

[1] This reduces the fee award by $290.62. Specifically, the Court makes this reduction for the following time entries by local counsel because the tasks did not require attorney time: (1) 11/10/2016 (.20 hours for filing; .10 hours for reviewing assignment form); (2) 11/16/2016 (.10 hours for reviewing an order granting IFP); (3) 12/16/2016 (.10 hours reviewing a notice of appearance by defense counsel; .10 hours for reviewing and filing a pro hac vice motion; .10 hours for reviewing an order granting a pro hac vice motion); (4) 2/3/2017 (.10 hours for reviewing a notice of submission of transcript; .10 hours for reviewing a notice of summons returned executed); and (5) 3/20/2017 (.10 hours for reviewing a notice of attorney substitution). The Court finds that the following time entries reflect unnecessary work or duplication of effort: (1) 11/10/2016 (.20 hours for reviewing complaint and IFP petition); (2) 2/3/2017 (.10 hours for reviewing the answer); and (3) 2/6/18 (.20 hours for reviewing notice of judgment).

4

Date: June 14, 2018                    *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States Magistrate Judge